IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN DOE, et al.,<br>        Plaintiffs,<br>    v.<br>STATE OF NEBRASKA, et al.,<br>        Defendants. | 8:09CV456 |
| JOHN DOE,<br>        Plaintiff,<br>    v.<br>ATTORNEY GENERAL JON BRUNING, et al.,<br>        Defendants. | 4:09CV3258 |
| JOHN DOE,<br>        Plaintiff,<br>    v.<br>NEBRASKA STATE PATROL, et al.,<br>        Defendants. | 4:09CV3266 |
| JOHN DOE I, et al.,<br>        Plaintiffs,<br>    v.<br>ATTORNEY GENERAL JON BRUNING, et al.,<br>        Defendants. | 4:10CV3003 |
| JOHN DOE,<br>        Plaintiff,<br>    v.<br>STATE OF NEBRASKA, et al.,<br>        Defendants. | 4:10CV3004 |
| JOHN DOE,<br>        Plaintiff,<br>    v.<br>STATE OF NEBRASKA, et al.,<br>        Defendants. | 4:10CV3005 |

**MEMORANDUM AND ORDER**

The plaintiffs in these six cases have filed motions for certification of state law questions to the Nebraska Supreme Court pursuant to Neb. Rev. Stat. §§ 24-219 to 24-225. The motions will be denied.

The plaintiffs want the Nebraska Supreme Court to answer three questions regarding the constitutionality of the Nebraska Sex Offender Registration Act ("SORA"), Neb. Rev. Stat. §§ 29-4001 to 29-4014, as amended by Laws 2009, LB 97 and LB 285:

      1. Whether the public stigma and ostracism associated with the unrestricted public dissemination provisions of Nebraska's new Sex Offender Registration Act ("New Act") amount to a magnitude of affirmative restraints and disabilities constituting an ex post facto law, in violation of Nebraska Constitution, Article I §16, absent an individual finding that the registrant who has completed his/her time poses a risk to the safety of others;

      2. Whether sex offender registrants have a liberty interest, pursuant to Nebraska Constitution, Article I §3, in not having their registry information publicly disseminated without due process of law; and

      3. Whether sex offender registrants have a right, pursuant to Nebraska Constitution, Article I §3, to a hearing to prove or disprove the statement of fact that the registrant is a "sex offender" who "present[s] a high risk to commit repeat offenses."

Whether a federal district court should certify questions of state law to the highest state court "is a matter addressed to the discretion of the district court." *Packett v. Stenberg,* 969 F.2d 721, 726 (8th Cir. 1992) (citing *Lehman Bros. v. Schein,* 416 U.S. 386, 391 (1974)).[1] The party requesting certification must show "that (a) an issue of that state's law is determinative of the case and (b) there is no clear controlling state law precedent." NECivR 7.4. *See also* Neb. Rev. Stat. § 24-219 ("The Supreme Court may answer questions of law certified to it by . . . a United States District Court, when requested by the certifying court, if there are involved in any proceeding before it questions of law of this state which may be

---

[1] However, the Nebraska Supreme Court also has "absolute discretion" in each case to accept or reject the district court's request that it answer certified questions. *See* Neb. Rev. Stat. § 24-219.

determinative of the cause then pending in the certifying court as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state.").

The first question the plaintiffs want certified involves Article I, § 16, of the Nebraska Constitution, which provides in pertinent part: "No . . . ex post facto law . . . shall be passed." The Nebraska Supreme Court "ordinarily construes Nebraska's ex post facto clause to provide no greater protections than those guaranteed by the federal Constitution." *State v. Simnick*, 779 N.W.2d 335, 339 (Neb. 2010) (upholding constitutionality of 2006 amendment to SORA authorizing lifetime community supervision for "aggravated offenses"); *Slansky v. Nebraska State Patrol*, 685 N.W.2d 335, 350 (Neb. 2004) (upholding constitutionality of SORA's notification provisions); *State v. Worm*, 680 N.W.2d 151, 159 (Neb. 2004) (upholding constitutionality of 2002 amendments to SORA's registration requirement).

The plaintiffs argue that in *State v. Payan*, 765 N.W.2d 192, 203 (Neb. 2009), by holding that the Nebraska Legislature intended to establish an additional form of punishment for some sex offenders when it enacted a lifetime community supervision statute, the Nebraska Supreme Court, "in effect, adopted the dicta from *Smith* [*v. Doe*, 538 U.S. 84, 104 (2003)][2] as the law of the state of Nebraska" and "effectively imposed a higher standard on the basis of state law and . . . guarded individual rights more fervently than the U.S. Supreme Court." (Plaintiff's supporting brief, p. 4,

---

[2] In *Smith*, the United States Supreme Court held that a registration requirement in Alaska's Sex Offender Registration Act was civil and nonpunitive and therefore its retroactive application did not violate the federal ex post facto clause. The Court distinguished the case from *Kansas v. Hendricks*, 521 U.S. 346 (1997), by stating that "[t]he magnitude of the restraint [in *Hendricks*, involving involuntary confinement of 'particularly dangerous individuals'] made individual assessment appropriate," whereas the Alaska Act "imposes the more minor condition of registration." 538 U.S. at 104. The plaintiffs categorize this pronouncement as "dicta that a level of restraint of greater 'magnitude' than the 'minor condition of registration' may require an individual risk assessment." (Plaintiff's supporting brief, p. 4, ¶ 7.)

-3-

¶¶ 8, 11.)  They also argue that the 2009 amendments to SORA violate the Nebraska Supreme Court's holding in *Worm* that "[t]he length of the registration requirement must necessarily correspond to the recidivism risk for that offense classification to carry out the statute's intent."  680 N.W.2d at 163.  That is, the plaintiffs claim it is no longer true that "the Act's offense categories and related registration periods 'are reasonably related to the danger of recidivism' and 'consistent with the regulatory objective.'" *Id.* (quoting *Smith*, 538 U.S. at 102).  Finally, the plaintiffs argue that the amendments may have a debilitating effect on an offender's search for housing and employment, negating the Nebraska Supreme Court's previous determination that "these consequences flow not from [a sex offender registration act's] registration and dissemination provisions, but from the fact of conviction, already a matter of public record."  *Welvaert v. Nebraska State Patrol*, 683 N.W.2d 357, 366 (Neb. 2004) (quoting *Smith*, 538 U.S. at 101).

None of these arguments provides a reason for certifying the ex post facto question to the Nebraska Supreme Court.  To the contrary, the gist of the plaintiffs' arguments is that "there is controlling precedent in the decisions of the Nebraska Supreme Court to indicate that the New Act violates the *ex post facto* clause of the Nebraska Constitution, Article I § 16."  (Plaintiffs' supporting brief, p. 5, ¶ 20.)  If, as the plaintiffs contend, there is controlling state law precedent on the question presented, then certification is inappropriate.

The second and third questions the plaintiffs want certified involve Article I, § 3, of the Nebraska Constitution, which provides in pertinent part:  "No person shall be deprived of life, liberty, or property, without due process of law[.]"  The Nebraska Supreme Court has recognized in several cases that "states are free to provide their citizens greater due process protections under state constitutions than those granted by the federal Constitution." *State v. Kuehn*, 604 N.W.2d 420, 424 (Neb. 2000); *State v. Lee*, 558 N.W.2d 571, 575 (Neb. 1997); *State v. LeGrand*, 541 N.W.2d 380, 385-86 (Neb. 1995), *overruled on other grounds in State v. Louthan,* 595 N.W.2d 917, 925-26 (Neb. 1999).  Even so, I find no basis for certifying the due process questions to the Nebraska Supreme Court.

Both the United States Supreme Court and the Nebraska Supreme Court have assumed, without deciding, that sex offender registrants have a liberty interest in keeping their registry information private. *See Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 7 (2003); *Slansky*, 685 N.W.2d at 355. However, the Nebraska Supreme Court has indicated that if it were to resolve this question, it would apply the "stigma plus" test that was set out by the United States Supreme Court in *Paul v. Davis*, 424 U.S. 693 (1976). *See Worm*, 680 N.W.2d at 163-64.

The plaintiffs make no argument that there is an absence of controlling state law precedent regarding procedural due process requirements. They instead argue that the 2009 amendments run afoul of the United States Supreme Court's decisions in *Smith* and *Connecticut Dept. of Public Safety*, as well as the Nebraska Supreme Court's decision in *Slansky*.

Because the plaintiffs have failed to make the required showing,

IT IS ORDERED that the plaintiffs' motions for certification of state law questions to the Nebraska Supreme Court (filing 331 in Case No. 8:09cv456, filing 43 in Case No. 4:09cv3258, filing 32 in Case No. 4:09cv3266, filing 26 in Case No. 4:10cv3003, filing 31 in Case No. 4:10cv3004, and filing 26 in Case No. 4:10cv3005) are denied.

April 15, 2010.                              BY THE COURT:

                                             *Richard G. Kopf*
                                             United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.